# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

SHAABAN HAFIZ AHMAD ALI SHAABAN, )
                                            )
                      Movant, )
vs.                                   )      1:09-cv-1231-LJM-DML
                                              )
UNITED STATES OF AMERICA       )

### Entry Discussing Motion for Change of Judge or Change of Venue

Movant Shaaban has filed a motion for the recusal of the undersigned or transfer of the action to another district (dkt 76). The latter request is **summarily denied** because the motion for relief pursuant to 28 U.S.C. § 2255 belongs in the trial court and no transfer of the action to another district is permitted under the circumstances.

The former request is likewise **denied** because the movant offers a meandering tale of his perceptions and misperceptions concerning the various rulings in this case and the general state of its development. His admittedly limited perspective simply reveals the overall impression he has of the management of the case and of the underlying claims and defenses pertaining in large part to his conviction or trial by jury of conspiracy to commit an offense against the United States under 18 U.S.C. § 371, acting as a foreign agent without notification to the Attorney General under 18 U.S.C. § 951(a), violating the International Emergency Economic Powers Act, 50 U.S.C. § 1710, et seq., unlawful procurement of an identification document under 18 U.S.C. § 1028, unlawful procurement of naturalization under 18 U.S.C. § 1425(a), and tampering with a witness under 18 U.S.C. § 1512(b).

The request for recusal, such as it is, has been fully considered.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a).[1] The goal of this provision is to avoid even the appearance of partiality.

---

[1]Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. *See Hamm v. Bd. of Regents,* 708 F.2d 647, 651 (11th Cir. 1983). Section 144 relates only to charges of actual bias. *Henderson v. Dep't of Pub. Safety & Corr.,* 901 F.2d 1288, 1296 (5th Cir. 1990). Under § 455, a judge must *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994). There is in this case no affidavit sufficient under § 144, nor could there be, because the *pro se* movant is without the means of satisfying the "certificate of counsel" requirement and is thus unable to seek disqualification under § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D.Ind. 1996). His

*See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *In re Murchison,* 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness."); *Bracy v. Schomig,* 286 F.3d 406, 418 (7th Cir. 2002)("[A] 'fair trial in a fair tribunal' . . . means [a defendant's] right to a judge who takes seriously his responsibility to conduct fair proceedings, a judge who looks out for the rights of even the most undeserving defendants.").

There is no extrajudicial source whereby the movant argues that recusal is warranted. The movant, who is not an attorney, has sought to conduct this litigation on his terms rather than in conformity with the of the *Rules Governing Section 2255 Proceedings in the United States District Courts* and the court's orders. He ascribes every real or imagined difficulty he has had with that effort to judicial bias.

To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. The movant has not presented or alleged facts suggestive of bias in any form. He simply relates his frustration with every ruling with which he disagrees. He does so through his opinion and conclusions that there is a bias against him and corruption associated with his prosecution. This form of information will not support the request he makes. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes,* 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)). A decision adverse to a party --even one adverse on all of the issues raised--is not evidence of bias where that decision is supported by the law and facts, as is the case here. See *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir. 1994).

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). It has been held, not surprisingly, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Such rulings are proper grounds for appeal, not for recusal. *Id.*; *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

"[I]n reviewing a recusal motion, a court must proceed by 'examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *United States v. Muyet,* 994 F.Supp. 550, 554 (S.D.N.Y. 1998)(quoting 28 U.S.C. § 455(a)). Two broad sets of circumstances are recited in support of the movant's request for recusal. After careful review, it is clear that these circumstances do not support the action he seeks.

---

request for recusal is therefore treated as being made pursuant to 28 U.S.C. § 455(a), although in fact the standards for the two statutes are the same. *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985) ("[W]e shall view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1).").

!      The movant attacks the court's rulings in this action as legally incorrect. Legally incorrect rulings are proper grounds for appeal, not for recusal. *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be."). Rather, a judge's bias must "arise from an extrajudicial source." *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001).

!      The movant asserts that the assigned district judge is biased against him. This assertion rests on the fallacy that the rulings herein indicate or reveal such a bias.  The Supreme Court pointed out in *Liteky v. United States*, 510 U.S. 540, 555 (1994), judicial rulings alone "almost never constitute [a] valid basis for a bias or partiality motion." As noted above, however, adverse rulings against a party are not evidence of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions.").

The movant also makes reference to the undersigned's tenure as Chief Judge of the District and suggests that this will lead to being called as a witness in some future proceeding. The suggestion is fanciful. Under § 455(a), the moving party must demonstrate an "objectively reasonable basis for questioning a judge's impartiality." *In re International Business Machines Corp.,* 45 F.3d 641, 644 (2d Cir. 1995). To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. The movant has not presented or alleged any facts suggestive of bias in any form.

"[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar,* 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995)(*quoting Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir. 1986)). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." *Id.*

Although this court is sufficiently occupied by cases in which disqualification is not sought, it will not and should not take flight from its responsibility to hear and decide the matters assigned to its docket on the basis of empty and meritless filings such as those presented here by the movant. As stated in *New York City Housing Development Corporation v. Hart,* 796 F.2d 976, 980-81 (7th Cir. 1986):

A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.,* 763 F.2d 304, 308-09 n.2 (7th Cir. 1985), a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *See also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981).

The disqualification of a judge is a serious matter and must not be based on conjecture or mere opinion of a party or of parties. A reasonable question concerning this judge's impartiality, however, simply is not raised by the movant's filing of February 22, 2010, or elsewhere. There is no close call to make in this case. The mere filing of a motion to recuse does not require disqualification, and the movant offers nothing of substance beyond his mere request. Shaaban's motion for recusal of the undersigned is **denied**.

   **IT IS SO ORDERED.**

Date:   03/05/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Shaaban Hafiz Ahmad Ali Shaaban
Reg. No. 07797-028
Florence Admax
U.S. Penitentiary
PO Box 8500
Florence, CO 81226

Gerald A. Coraz
gerald.coraz@usdoj.gov

Sharon M. Jackson
sharon.jackson@usdoj.gov