UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAABAN HAFIZ AHMAD ALI SHAABAN, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | 1:09-cv-01231-LJM-DKL |

**E N T R Y**

One feature of the petitioner's motion to set aside judgment filed on October 9, 2015, regardless of how it is ultimately construed, is the petitioner's insistence that the undersigned be recused because, in the petitioner's words, he has accepted a bribe. This effort is broadened through his motion for recusal filed on November 13, 2015.

The petitioner states on page 8 of the motion to set aside that "the district judge received 100,000$ in cash from pro-Israel Zionist lobby to deny relief . . . ." The source of this information appears to be the petitioner's neighbor at the Supermax prison in Florence, Colorado. The petitioner also complains—and this is the focus of his motion for recusal--that the rulings in this case since its assignment to the undersigned have denied him justice.

Under 28 U.S.C. 455(a), a federal judge must disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks

whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

A judge is presumed to be impartial. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981). This presumption is not overcome by specious and unsupported factual allegations. *See In re United States,* 158 F.3d 26, 35 (1st Cir. 1998) ("A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify [him]self because the aspersions, *ex proprio vigore,* create a cloud on [his] impartiality."). "If a party could force recusal of a judge by [false] factual allegations, the result would be a virtual 'open season' for recusal." *United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir. 1986) (citation omitted).

Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor is recusal required on the basis of "unsupported, irrational, or highly tenuous speculation," *In re United States,* 666 F.2d 690, 694 (1st Cir. 1981), yet that is precisely the character of the petitioner's statements in his motion to set aside judgment. The portion of that motion [dkt 324] seeking the recusal of the undersigned is therefore **denied.** The motion for recusal [dkt 329] is likewise **denied** for these same reasons.

IT IS SO ORDERED.

Date: 11/17/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Shaaban Hafiz Ahmad Ali Shaaban
Reg. No. 07797-028
Florence Admax U.S. Penitentiary
PO Box 8500
Florence, CO 81226

Electronically Registered Counsel