UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHAABAN HAFIZ AHMAD ALI SHAABAN,   )
                                   )
                     Petitioner,   )
         vs.                       )   1:09-cv-01231-LJM-DKL
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                     Respondent.   )

**Entry Discussing Motion for Relief from Judgment**

**I. True Nature of the Motion**

The petitioner failed to prevail in his motion for relief pursuant to 28 U.S.C. § 2255. Final judgment was entered on the clerk's docket on September 30, 2014. Both this court and the Court of Appeals declined to issue a certificate of appealability. The appellate mandate was received on October 21, 2015.

On October 9, 2015 the petitioner filed a motion for relief from judgment. The Court promptly issued an Entry noting that the motion "appears to be a genuine motion for relief from judgment rather than a motion which is in substance another challenge to his conviction and/or sentence in No. 1:05-CR-00034-LJM-MJD-01." The parties were given a period of time in which to contend otherwise, "based on the discussion of such matters in *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)." Neither the petitioner nor the United States filed such a contention.

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2255 petition as without merit should be dismissed as a successive such petition to prevent petitioners from using such a motion to circumvent the rule in 28 U.S.C. § 2244(b), barring successive petitions. *Id.* at 531–32.

Thus, to avoid classification as a second or successive § 2255 motion, a Rule 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." *Id.* at 532. Taking the petitioner's motion for relief from judgment at face value, he challenges the integrity of the § 2255 process. Accordingly, it will not be treated a second or successive motion for relief pursuant to 28 U.S.C. § 2255.

## II. The Motion

"A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

In this case, the petitioner's motion for relief from judgment spins a tale of fraud on the court and newly discovered evidence. A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel, [citations] and must be supported by clear,

unequivocal and convincing evidence." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions ("Phizer"),* 538 F.2d 180, 195 (8th Cir. 1976), *cert. denied,* 429 U.S. 1040 (1977). The petitioner continues his wild tale of being victimized by all components of the criminal justice system. However, there is no question that he received a fair trial, *Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000)("For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant=s theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses."), he was competently represented both at trial and in his direct appeal, and he has had the benefit of excellent representation in his meandering action for relief pursuant to 28 U.S.C. § 2255. There is no objective indicia of "fraud" at any point, at any level, or on any subject. The ostensible "new evidence" is actually a retread of the slanderous allegations made by the petitioner throughout the § 28 U.S.C. § 2255 case. This is illustrated by filings by the petitioner on February 8, 2010, February 22, 2010, March 9, 2010, April 12, 2010, October 26, 2010, November 4, 2010, February 22, 2011, May 23, 2011, June 20, 2011, August 15, 2011, October 20, 2011, November 21, 2011, November 28, 2011, December 13, 2011, December 20, 2011, December 22, 2011, December 27, 2011, February 7, 2012, June 7, 2012, August 13, 2012, September 10, 2012, October 29, 2012, May 6, 2013, September 12, 2013, and November 3, 2014, and is acknowledged, among other places, in orders issued on March 5, 2010, March 29, 2010, April 15, 2010, August 20, 2011,

November 4, 2011, November 30, 2011, December 2, 2011, October 18, 2012, and January 2, 2014. Newly discovered evidence under Rule 60(b)(2) "must be material, admissible, credible, not merely cumulative or impeaching, likely to change the outcome upon retrial, and must have been existence at the time of trial." *Peacock v. Bd. of School Com'rs of City of Indianapolis,* 721 F.2d 210, 213–14 (7th Cir. 1983). The accusations in the motion for relief from judgment do not qualify as newly discovered evidence because, at best, it is cumulative and, more likely, are simply fanciful.

### III. Conclusion

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls–Royce Corniche Convertible,* 770 F.2d 713, 716 (7th Cir. 1985). Moreover, relief under Rule 60(b) is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Bd. of Educ. of Ford Heights,* 32 F.3d 1114, 1116 (7th Cir. 1994) (quoting *Daniels v. Brennan,* 887 F.2d 783 F.2d 783, 790 (7th Cir. 1989)). The motion for relief from judgment does not identify that there was or is such danger in this case. The motion for relief from judgment [dkt 324] is **denied.**

IT IS SO ORDERED.

Date: __12/4/2015__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Shaaban Hafiz Ahmad Ali Shaaban
Reg. No. 07797-028
Florence Admax U.S. Penitentiary
PO Box 8500
Florence, CO 81226

Electronically Registered Counsel